UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RIKKI M BROWN,

        Plaintiff,

                                                Case No. 21-cv-0289-bhl

  v.

JOHNSONVILLE SAUSAGE LLC,

        Defendant,

## ORDER

On March 4, 2020, pro se plaintiff Rikki Brown filed a complaint, alleging employment discrimination against her employer,[1] Johnsonville Sausage LLC. (ECF No. 1.) At the same time, Brown also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Having reviewed Brown's filings, the Court will grant her motion to proceed without prepayment of the filing fee, but will dismiss the complaint, while allowing her the chance to file an amended complaint.

Pursuant to 28 U.S.C. §1915, the Court may permit a person to proceed without prepaying the filing fee if that person so requests and "submits an affidavit that includes a statement of all assets … [showing] that the person is unable to pay such fees." 28 U.S.C. §1915(a)(1). Based on the financial information included in Brown's filings, she satisfies the requirements for proceeding without prepaying the filing fee and the Court will grant her request to do so.

Section 1915 also requires the Court to screen complaints filed with a request to waive prepayment of the fee. The Court is required to dismiss the case "if the court determines that…the action…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). In her complaint, Brown seeks relief for harassment and discrimination she claims to have suffered while working for Johnsonville Sausage LLC. (Complaint, 6, ECF No. 1.) She alleges that she has been ignored on multiple occasions, was made to feel uncomfortable by an assistant team lead, was physically intimidated, and has been passed over for other positions. (Complaint, 3-5, ECF

---

[1] The complaint does not state if Brown still works for Johnsonville Sausage, LLC, but her motion for leave to proceed without prepayment of the filing fee indicates she is currently receiving unemployment benefits.

No. 1.) These allegations are insufficient to support a claim for relief. Brown does not clearly state whether she suffered from discrimination based on her race, color, religion, sex, national origin, age, or disability, nor does she allege that she suffered an adverse employment action because of it. Brown also did not include any proof that she first filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, a necessary prerequisite for filing an employment discrimination lawsuit. *See* 42 U.S.C. §2000e-5; *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) ("Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter.") Brown's complaint therefore must be dismissed for failure to state a claim upon which relief may be granted.

In addition, Brown's complaint must be dismissed because it is unsigned. Rule 11 of the Federal Rules of Civil Procedure directs that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Accordingly,

**IT IS HEREBY ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**. Brown must pay the filing fee over time as she is able.

**IT IS FURTHER ORDERED** that if Brown wishes to proceed with this lawsuit, she must file an amended complaint. The amended complaint should state in greater detail the basis for Brown's claims, including facts that would support a finding that she was discriminated against and suffered an adverse employment action because of her membership in a protected group. She must also include proof that she has pursued her allegations and obtained a right to sue letter from the U.S. Equal Employment Opportunity Commission. An amended complaint must be filed with the Court on or before **April 14, 2021**. If the Court does not receive Brown's amended complaint by that date, the case will be dismissed for Brown's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on March 31, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge