UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RIKKI M BROWN,

        Plaintiff,

                                      Case No. 21-cv-0289-bhl

  v.

JOHNSONVILLE SAUSAGE LLC,

        Defendant,

## SCREENING ORDER

        On March 31, 2021, the Court issued an Order screening and dismissing Brown's first complaint. (ECF No. 5.) The Court noted that Brown failed to state a claim for employment discrimination and directed him to file an amended complaint alleging facts to support a finding that he suffered discrimination and an adverse employment action because of his membership in a protected group. Brown was also directed to sign the amended complaint and attach proof of his charge of discrimination filed with the U.S. Equal Employment Opportunity Commission (EEOC), a necessary prerequisite for bringing this case. Brown timely filed an amended complaint and included the EEOC's right-to-sue letter. (ECF Nos. 6, 6-1.) The Court will screen Brown's amended complaint and will dismiss the case "if the court determines that…the action…fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

        In his amended complaint, Brown requests compensation for experiencing harassment and discrimination, and asks that the perpetrators "be relieved from their positions within Johnsonville." (ECF No. 6 at 3.) Brown alleges that a Latino male, Mr. Valenzuela, and a White male refused to disclose important information to him, and that such conduct has continued despite being reported to Team Leads and Human Resources. (ECF No. 6 at 5.) Brown contends that a White male Assistant Team Lead, Mr. Ahrens, did not trust Brown's assessment that the Omori packaging machine required maintenance, making him feel uncomfortable, (ECF No. 6 at 5), and that Mr. Ahrens' "aggressive supervision/behavior did not allow me to do my job correctly." (ECF No. 6 at 6.) Brown states that the White female "Planet [sic] Manager,"

Ms. Thayer, "started to charge (in a running motion) towards me" leading him to think he was going to be tackled. (ECF No. 6 at 6.) Brown states that two Latino males stood closely on either side of him, causing him to "believe[e] this was going to be a violent act." (ECF No. 6 at 6.) Brown also contends that he suffered unwelcome contact and sexual harassment by an "Asian Male Member Thrusting on my buttock" and when a White male Team Lead, Mr. Welnetz, "started pushing up against me, even after I stepped back, he came closer towards and continued to push up against me." (ECF No. 6 at 6-7.) Brown states that the "actions from Team Leads and Members of Johnsonville demonstrates how a hostile, intimidating, and abusive work environment was created for a black male, which interfered with my work performance." (ECF No. 6 at 7.)

Taken together, Brown's allegations are sufficient to state a claim for harassment as to his race, color, and/or sex. *See* 42 U.S.C. §2000e-2(a). To state a claim for a hostile work environment under Title VII,

> a plaintiff must allege (1) [he] was subject to unwelcome harassment; (2) the harassment was based on [his] national origin or religion (or another reason forbidden by Title VII); (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. To rise to the level of a hostile work environment, conduct must be sufficiently severe or persuasive to alter the conditions of employment such that it creates an abusive relationship.

*Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015) (internal citations and emphasis omitted). Brown's statements confirm he was subject to unwelcome physical intimidation and contact such that "a hostile, intimidating, and abusive work environment was created for a black male." Brown asserts that these actions affected his performance at work and continued despite his complaints to management. Nothing more is required at this stage, so Brown's claim for harassment may proceed.

Similarly, Brown states a claim for race-based discrimination. *See* 42 U.S.C. §2000e-2(a). A plaintiff proves a disparate treatment claim by showing "that an employer had a discriminatory motive for taking a job-related action." *Ernst v. City of Chicago*, 837 F.3d 788, 794 (7th Cir. 2016). A job-related action might consist of "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 744 (7th Cir. 2002) (quoting *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Brown alleges that he applied for several positions within

Johnsonville but that all the positions were filled by White females and an Asian male, but never him or a Black male or female, even though he had prior qualifying experience and tailored his resume to the position. (ECF No. 6 at 7.) Because "pleading standards for pro se plaintiffs are considerably relaxed," *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), these allegations are sufficient to state a disparate treatment claim. Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshal's Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this Order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Although Congress requires this Court to order service by the U.S. Marshal's Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshal's Service.

**IT IS FURTHER ORDERED** that defendant shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that on or before **June 28, 2021** Brown must file a complete copy of the charging documents filed with the EEOC regarding his claims for harassment and discrimination so the Court can determine whether his administrative remedies have been exhausted.

Dated at Milwaukee, Wisconsin on June 14, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge